**30** In the Matter of ANNIE RANKINS, Respondent, v. CITY OF NEW YORK, Appellant.— In a proceeding pursuant to section 50-e of the General Municipal Law, for leave, *inter alia*, to serve a late notice of claim for damages for personal injury, the City of New York appeals from an order of the Supreme Court, Kings County, dated December 21, 1961, which granted the claimant's application. Order reversed on the law and the facts, without costs, and application denied. The Special Term's implicit findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. The accident occurred on November 2, 1960. Hence, the statutory 90-day period, within which a notice of claim must be served, expired on January 31, 1961. The application here to serve the late notice was not made until November 1, 1961. No showing was made, however, that the failure to serve the notice within the time prescribed by statute was due to the mental or physical incapacity of the claimant. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

█ In the Matter of SOLMAR REALTY CORP., Respondent, v. TEMPORARY STATE HOUSING RENT COMMISSION, Appellant.— In a proceeding by a landlord of residential property, pursuant to article 78 of the Civil Practice Act, to compel the Temporary State Housing Rent Commission to recompute and reduce an increase in maximum rent, and for related relief, the commission appeals from an order of the Supreme Court, Kings County, entered July 9, 1962, which: (a) dismissed its cross motion to dismiss the petition for patent insufficiency (Civ. Prac. Act, § 1293); and (b) granted the petitioner's application to the extent of directing said Administrator to "re-evaluate the maximum rents of the subject housing accommodations" on the basis of the 1954 equalized assessed valuation, and to give appropriate notice of such revised rents, effective as of February 17, 1962, to the petitioner and its tenants. Order reversed on the law, with costs; the Rent Commission's cross motion to dismiss the petition granted; and petition dismissed. No questions of fact were considered. The 1961 amendment (L. 1961, ch. 337) served to abolish full valuation based on the 1954 ratio and to substitute, instead, as the basis for fair-return valuation, the ratio of the most recent year. In accordance therewith, a rent increase was necessarily granted on the current ratio because, as of time of the adjustment, the 1961 amendment had become effective. When the 1962 amendment (L. 1962, ch. 21) went into effect, it served prospectively only to substitute the 1954 ratio for the current ratio. It did not revive retroactively the 1954 ratio. By providing in section 5 of the 1962 amendment for rescission and nullification of increases granted after June 30, 1961 "solely" by reason of the 1961 amendment (which provided for application of the current rate rather than the 1954 rate), the Legislature did not intend to resurrect the 1954 ratio in such fair-return determinations. The language served only to describe the substitution accomplished by the 1961 amendment. The word "solely" relates to determination upon the basis of equalization rate as distinguished from sales. Thus the determination on the basis of the current ratio was nullified, and the matter is now within the cognizance of the city agency. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.